# IN THE DISTRICT COURT
## FOR THE GREENVILLE DISTRICT OF SOUTH CAROLINA
### GREENVILLE DIVISION

| | | |
|---|---|---|
| RIDDHI VINAYAK HOTELS, LLC D/B/A SUBURBAN EXTENDED STAY AND MOTEL 6 | § § § § | CASE NO. |
| *Plaintiff,* | § § | **COMPLAINT** |
| v. | § § § | |
| WILLIAM S. WILLIS AND THE INSURANCE CENTER – LANCASTER MCADEN WILLIS SMITH, | § § | JURY DEMAND |
| *Defendants.* | | |

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff RIDDHI VINAYAK HOTALS, LLC D/B/A SUBURBAN EXTENDED STAY AND MOTEL 6, by and through its attorney of record, and files this action for damages caused by Defendants WILLIAM S. WILLIS AND THE INSURANCE CENTER – LANCASTER MCADEN WILLIS SMITH. In support of all such claims and causes of action, Plaintiff would respectfully show this Honorable Court as follows:

## I.
## JURISDICTION AND VENUE

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§1332(a)(1) because of the diversity of citizenship of the parties and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

2. An actual justiciable controversy exists between Plaintiff and Defendants within the meaning of 28 U.S.C. § 2201 regarding whether Defendant breached its duties to Plaintiff in

violation of the express terms, conditions and provisions of the subject policy as more particularly described below.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## II.
## PARTIES

4. Plaintiff, RIDDHI VINAYAK HOTALS, LLC D/B/A SUBURBAN EXTENDED STAY AND MOTEL 6 is a limited liability corporation doing business in South Carolina. Plaintiff owns the subject Properties in this case, located at 12 Impact Drive, Greenville, South Carolina 29605 and 1993 Reidville Road, Spartanburg, South Carolina 29301.

5. Defendant WILLIAM S. WILLIS is an insurance agent who is authorized to do business in South Carolina, and who may be served with process at his primary place of business located at 1320 Commerce Drive, New Bern, North Carolina 28562.

6. Defendant THE INSURANCE CENTER – LANCASTER MCADEN WILLIS SMITH is a company engaged in the business of marketing and selling commercial and residential property insurance coverage within the State of South Carolina, which includes Plaintiff's insurance policy at issue in this current case. Defendant, The Insurance Center – Lancaster Mcaden Willis Smith may be served with process by serving William S. Willis, at its primary place of business located at 1320 Commerce Drive, New Bern, North Carolina 28562.

## III.
## FACTS COMMON TO ALL COUNTS

7. This suit arises from Defendants' wrongful acts or omissions related to the procurement and sale of the insurance policy that forms the basis of this suit.

8. Plaintiff is and was the owner of the subject properties located at 12 Impact Drive, Greenville, South Carolina 29605 and 1993 Reidville Road, Spartanburg, South Carolina 29301 (hereinafter the "Properties").

9. That at some point prior to and in effect on or about May 5, 2020, Plaintiff purchased an insurance policy, Policy Number BP 99 51 10 11 (hereinafter "the Policy"), which was transferred to Defendants for managing on behalf of Plaintiff. The policy insured the business locations located at 12 Impact Drive, Greenville, South Carolina 29605 and 1993 Reidville Road, Spartanburg, South Carolina 29301.

10. Defendants negligently failed to ensure that Plaintiff's properties had the appropriate insurance coverage related to this policy of insurance for said Properties.

11. On or about May 5, 2020, Plaintiff sustained damage to the Property located at 12 Impact Drive, Greenville, South Carolina 29605 as a result of a weather-related event, namely a windstorm with hail, causing significant damage to Plaintiff's property.

12. On or about July 10, 2020, Plaintiff sustained damage to the Property located at 1993 Reidville Road, Spartanburg South Carolina 29301 as a result of a weather-related event, namely a windstorm with hail, causing significant damage to Plaintiff's property.

13. That the Plaintiff promptly and properly reported the property damages to its insurance company, only to learn subsequently that Plaintiff's properties did not have adequate coverage for the damages sustained. More specifically, unknown to Plaintiff, the insurance policy at issue had a windstorm and hail exclusion. Plaintiff did not learn of the negligence on the part of Defendants until Plaintiff reached out to Defendants in early October 2020 to inquire about the issues associated with Plaintiff's insurance coverage and the claims that had been denied for windstorm and hail exclusions.

14. On or about October 9, 2020, Defendants advised Plaintiff that Defendants had failed to ensure that Plaintiff's properties had coverage for windstorm and hail damages.

15. Plaintiff trusted and relied upon the experience of Defendants to procure the appropriate coverage for its Property. Defendants led Plaintiff to believe that the insurance policy secured would cover its property damage in the event of a loss.

## IV.
## CLAIMS AGAINST DEFENDANTS

16. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the above paragraphs.

17. All conditions precedent to recovery by Plaintiff have been met or have occurred.

18. All acts by Defendants were undertaken and completed by its officers, agents, servants, employees, or representatives. Such were done with Defendants' full authorization or ratification and were completed in the normal and routine course and scope of employment.

### A. BREACH OF CONTRACT

19. Plaintiff entered into a valid and enforceable oral contract that was enforceable within one year. The parties agreed that plaintiff would purchase a Commercial Property Policy, and that Defendants would secure the appropriate Policy for Plaintiff's needs. Plaintiff fully performed its contractual obligations by purchasing the Policy procured by Defendants, and by making policy premium payments. Defendants materially breached the contract by failing to provide a Policy that provides adequate coverage, as requested by Plaintiff. Defendants' breach caused injury to Plaintiff, who did not receive the Policy he bargained for.

20. As such, in addition to the above, Plaintiff has previously given notice to Defendant that Plaintiff will seek all available attorney's fees, costs of court, penalties, and any additional remedies recoverable under Texas law.

### B. FRAUDULENT MISREPRESENTATION

21. Defendants made representations of material fact to Plaintiff that they knew were false or made recklessly without any knowledge of their truth. The representations were made with the intention that they be acted upon by Plaintiff, who relied on those representations, thereby causing damage to Plaintiff.

### C. NEGLIGENCE

22. Defendants owed a duty to Plaintiff to obtain appropriate insurance coverage for Plaintiff's property, or if they could not obtain the requested coverage, to notify Plaintiff of same. Defendants failed to properly obtain appropriate insurance coverage for Plaintiff and failed to notify Plaintiff of their misrepresentations, among other failures. Defendants breaches their duties to obtain appropriate insurance coverage for Plaintiff and this breach was the proximate cause of Plaintiff's injuries.

### D. NEGLIGENT MISREPRESENTATION

23. In the course of a transaction in which Defendants had interest, Defendants negligently misrepresented to Plaintiff that they were obtaining appropriate insurance coverage for standard covered perils for Plaintiff's property. Defendants supplied false information for Plaintiff to consider in purchasing its insurance policy and failed to exercise reasonable care or competence in communicating or obtaining information regarding the property and policy coverages and limitations. Plaintiff justifiably relied on Defendants' representations that it had secured coverage for its Property. Defendants' negligent misrepresentations proximately caused Plaintiff's damages.

### E. UNFAIR TRADE PRACTICES ACT VIOLATIONS

24. Plaintiff reiterates each and every allegation contained in the numbered paragraphs above as if stated herein verbatim.

25. By the actions set forth above, Plaintiff is informed and believes that Defendants have engaged in unfair and deceptive acts in the conduct of their business that violates Section 39-5-35 of the South Carolina Code.

26. Plaintiff is further informed and believes that these actions adversely impacted the public interest. Plaintiff is informed and believes that these deceptive and unfair trade practices have a potential for repetition and impact the public interest.

27. As a result of Defendants' violations of the Unfair Trade Practices Act, Plaintiff has suffered damages in numerous and substantial ways, including debts incurred and the loss of moneys, mental anguish, and suffering.

28. That the Plaintiff is therefore informed and believes that Plaintiff is entitled to judgment against the Defendants for loss and damage in a sum to be determined by this Court for both actual and punitive damages, attorney's fees, interest, and costs.

### V. DAMAGES

29. Defendants' acts have been the producing or proximate cause of damage to Plaintiff. Therefore, Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

### VI. JURY DEMAND

30. Plaintiff demands a jury trial and tenders the appropriate fee with this Original Petition.

## **PRAYER**

WHEREFORE, Plaintiff prays it be awarded actual, consequential, and punitive damages based on Defendants' actions, jointly and severally, costs of this action, attorney fees, and for all such other relief as the Court may deem just and proper.

Respectfully submitted,

SAVAGE, ROYALL & SHEHEEN, L.L.P.


s/Vincent A. Sheheen
Vincent A. Sheheen, Esq  Bar# 7016
Greg B. Collins, Esq  Bar #10350
Savage, Royall & Sheheen LLP
Attorney for the Plaintiffs
P.O. Drawer 10
Camden, S.C. 29021
(803) 432-4391

May 4, 2021